■ In the Matter of the Claim of EARLINE WALKER, Respondent, v. CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board, filed July 11, 1967. Decedent was employed by appellant in one of its hospitals on Staten Island. He worked the night shift in the security division in several capacities, including gateman, groundman and clockman. His hours varied somewhat with the particular assignment, but generally his hours were 10:00 P.M. to 6:30 A.M., if he took time for lunch. However, decedent normally would forego his lunch period and worked a straight eight hours. On March 24, 1965, as he left the grounds at about 2:55 A.M., decedent told the gateman he would be back in about 20 minutes. A short time later, he was injured in an automobile accident about two and one-half miles from appellant's hospital. He died from these injuries on April 23, 1965. Awards for disability and death benefits are challenged upon the ground that the board's determination that the accident arose out of and in the course of employment is not supported by substantial evidence. We can not say as a matter of law that the board erred in its decision. There is testimony that the employees were not entitled to a coffee break and that it was necessary to obtain permission to leave the grounds. However, employees were allowed to make purchases of candy and drinks from dispensing machines and this was not considered a work break. Decedent's superior stated that recently there was no coffee on the grounds and that when decedent had requested it, permission was given to leave the premises to get coffee. Although he did not get permission to leave on the night of the accident, his superior testified that he had never failed to give permission to go for coffee and that he would have granted decedent permission on the night in question, if asked. Decedent had previously gone to obtain coffee for himself and fellow employees, including his superior. Others had also gone off the grounds and brought back coffee. The attending physician's report stated that decedent gave a history that the accident took place while " on coffee break ". Upon this record, therefore, there is ample evidence from which the board could permissibly find that decedent was on a coffee break, which, although not an everyday occurrence, was an accepted practice known and acquiesced in by appellant and during which time decedent was paid, for which permission to leave the grounds was consistently granted, and an absence of any duration was reported to his supervisor. (See *Matter of Markowitz* v. *Mack Markowitz, Inc.*, 21 N Y 2d 856; *Matter of Markowitiz* v. *Mack Markowitz, Inc.*, 22 A D 2d 1001; *Matter of Bodensky* v. *Royaltone, Inc.*, 5 A D 2d 733; *Matter of Caporale* v. *State Dept. of Taxation & Finance*, 2 A D 2d 91, affd. 2 N Y 2d 946.) Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.